Brenda WILSON, Plaintiff-Appellee,

v.

CREDITHRIFT OF AMERICA, INC., NO. 3, a corporation, Defendant-Appellant.

Patricia STRAIGHT, Plaintiff-Appellant,

v.

ASSOCIATES FINANCIAL SERVICES OF OREGON, INC., a corporation, Defendant-Appellee.

Nos. 80–3198, 80–3436.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 1981.

Decided Oct. 16, 1981.

Daniel J. Gatti, Gatti & Gatti, Salem, Or., for Credithrift.

Kerri Halberg, Portland, Or., for Straight.

Thomas Howe, Portland, Or., argued for Wilson; Richard A. Slottee, Portland, Or., on brief.

Floyd Hinton, Portland, Or., argued for Associates Financial Services; Deich, Deich & Hinton, Portland, Or., on brief.

Before KILKENNY and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

---

* Honorable William J. Jameson, Senior U.S. District Judge for the District of Montana, sitting by designation.

1. These separate appeals arise from the same district and involve substantially similar legal issues and undisputed facts. They are therefore consolidated so as to be disposed of in this single opinion.

2. The regulation requires in pertinent part "a description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit . . . ." The terms "security interest" and "security" are defined in § 226.2 of Regulation Z as follows:

SCHROEDER, Circuit Judge:

These are two actions[1] by borrowers against lenders for damages under § 130(a) of the Truth in Lending Act, 15 U.S.C. § 1640(a). We must decide whether the respective lenders violated the Act by failing sufficiently to identify the type of security interest they retained as required by Regulation Z, 12 C.F.R. § 226.8(b)(5).[2] The parties in each case stipulate that their loan agreement is a consumer credit transaction subject to the Act and Regulation Z. The district court held that the description in the *Wilson* case was insufficient; the sufficiency of the description in the *Straight* case was upheld. We hold that the description was sufficient in both cases.

In the *Wilson* case, the disclosure statement contained a box which was checked to designate the following language: "[y]our debt, if incurred, will be secured by a chattel mortgage (security agreement, which also secures other or future indebtedness)." Another box, describing security by a real estate deed of trust, was not checked. The parties agree that an elaborate description of the interest was unnecessary, *see Hutchings v. Beneficial Finance Co. of Oregon*, 646 F.2d 389, 391 (9th Cir. 1981); *Bone v. Hibernia Bank*, 493 F.2d 135 (9th Cir. 1974). They also agree that if the interest had been described as a security interest in personal property, the description would have been sufficient. *See* Fed. Res.Bd. Official Staff Interpretation FC–0023, 5 Cons.Cred.Guide (CCH) ¶ 31,491 (November 22, 1976), in which the staff

(gg) "Security interest" and "security" means any interest in property which secures payment or performance of an obligation. The terms include, but are not limited to, security interests under the Uniform Commercial Code, real property mortgages, deeds of trust, and other consensual or confessed liens whether or not recorded, mechanic's, materialmen's, artisan's, and other similar liens, vendor's liens in both real and personal property, the interest of a seller in a contract for the sale of real property, any lien on property arising by operation of law, and any interest in a lease when used to secure payment or performance of an obligation.

advised that disclosure of a "security interest under the Uniform Commercial Code" was sufficient to comply with § 226.8(b)(5).

The magistrate, whose decision was approved by the district court, invalidated the description in *Wilson* because he concluded that the term "chattel mortgage" was unduly confusing; if the term had been omitted, he would have deemed the description satisfactory.

The term "chattel mortgage" was expressly absorbed into the statutory definition of "security interest" when the state adopted the Uniform Commercial Code in 1961. *See* O.R.S. §§ 79.1020(2), 79.1050(h). While we agree with the magistrate that the term is therefore surplusage, we cannot agree that it is so confusing or misleading that a reasonable borrower would fail to understand that the lender was creating a security interest in personal property. There was no evidence that the borrower was in fact confused. The judgment awarding damages to the borrower must be reversed.

In *Straight,* the Loan Disclosure Statement provided that the debt was secured by a "security agreement of even date herewith." Attached to the disclosure statement was a one page document entitled "loan agreement" which contained clearly marked provisions describing the security for the loan. The borrower argues that because the attached document was entitled "loan agreement" rather than "security agreement," there was no sufficient identification of the security interest in personal property. The "loan agreement" was the only document labeled "agreement"; it was of "even date" and it clearly stated that the loan was secured by the borrower's household goods. We agree with the district court that the type of security interest retained by the lender was adequately identified.

There is no merit to appellant Straight's additional argument that the lender failed to identify the specific items in which it retained a security interest. The loan documents included a list of the specific items of personal property which constituted the furnishings in appellant's house; consequently, there could have been no reasonable doubt as to what property was covered by the agreement.

The judgment of the district court in *Straight v. Associated Financial Services* is affirmed; the judgment in *Wilson v. Credithrift* is reversed.