**Olayinka and Amelia ONADEKO,**
**Appellees,**

v.

**RAINIER CREDIT COMPANY, a**
**corporation, Appellant.**

**No. 80–3527.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1982.

Decided May 27, 1982.

James C. Waggoner, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, Or., for appellant.

Patricia Halsell, Law Student, argued, for appellees; Richard A. Slotte, Portland, Or., on brief.

Before KILKENNY, GOODWIN and POOLE, Circuit Judges.

PER CURIAM.

Rainier Credit Company appeals from the judgment of the district court awarding Olayinka and Amelia Onadeko $916.78, plus costs and attorney's fees, for Rainier's violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* The question presented is whether the language "and all other amounts due or to become due hereunder" in Rainier's description of its security interest violated Regulation Z under the Act, 12 C.F.R. § 226.8(b)(5).

On October 31, 1978, the Onadekos borrowed money from Rainier, executing a promissory note and security agreement. The document evidencing the transaction provided that the amount financed was $1701.61, the finance charge was $458.39 and the total of payments was $2160.00. It also stated that the total of payments was the sum of the amount financed and the finance charge.

Under the heading "Security Interest," the document gave Rainier:

"a security interest under the Uniform Commercial Code in the property described below and in the proceeds thereof to secure the payment in cash of the Total of Payments *and all other amounts due or to become due hereunder* in accordance with ... the Security Agreement set forth on the reverse side hereof which is incorporated herein by reference." (Emphasis added.)

The security agreement referred to on the reverse side of the document provided that if Rainier insured the collateral on the Onadekos' behalf they would reimburse Rainier for the cost of the insurance. The document also required the Onadekos to pay any delinquency charges and collection costs.

Regulation Z requires the creditor to disclose:

"A description or identification of the type of any security interest ... [it holds, retains, or acquires], and a clear identification of the property to which the security interest relates .... If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest ...." 12 C.F.R. § 226.-8(b)(5).

Federal Reserve Board Official Staff Interpretation FC–0136 states that charges such as delinquency charges, collection costs, and costs of insuring or maintaining the collateral are not "future indebtedness" within the meaning of § 226.8(b)(5). The FRB interpretation, however, requires the creditor to properly disclose that the customer's obligations are secured by adequately identified collateral. FRB Official Staff Interpretation FC–0136, Consumer Credit Guide (CCH) ¶ 31,743 (November 22, 1977). Federal Reserve Board Official Staff Interpretations are dispositive if they are not irrational. *See Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565–69, 100 S.Ct. 790, 796–98, 63 L.Ed.2d 22 (1980). The parties here do not argue that FC–0136 is irrational.

Federal Reserve Board Official Staff Interpretation FC–0136 requires a creditor to disclose in some form that charges other than the total of payments are also secured by the security interest. If, in fact, other charges that might be assessed are also secured, a creditor who discloses merely that the security interest secures the total of payments (i.e., principal plus interest) does not properly disclose that the customer's obligations are secured under FC–0136.

■ Rainier's particular phrase is sufficiently clear to comply with § 226.8(b)(5). Because the document specifies the other charges that might arise, the phrase "and all other amounts due or to become due

hereunder" is not so confusing that a reasonable borrower would fail to understand it. *See Wilson v. Credithrift of America, Inc., No. 3*, 659 F.2d 122, 124 (9th Cir. 1981). Nor was there evidence that the Onadekos were actually confused.

The magistrate found Rainier's phrase confusing because it could be read as a cross-collateral clause. However, such a reading would be implausible. The document's use of the word "hereunder" makes it clear that the collateral secures only indebtedness arising out of the current loan. The document also adequately specifies the collateral securing the Onadekos' indebtedness. It states that the security interest is "in the property described below and in the proceeds thereof," and there are checks in the boxes for "household goods, furniture and personal property" and "Motor Vehicle(s)." Thus, Rainier's phrase constitutes proper disclosure that the Onadekos' obligations are secured and it complies with § 226.8(b)(5).

Reversed.