## CIRCUIT COURT OF THE CITY OF RICHMOND

Oliver Stewart, Sr.

v.

Plaza Motors, Inc.

December 11, 1989

Case No. LM-1072

By JUDGE RANDALL G. JOHNSON

This case is before the court on defendant's demurrer to plaintiff's amended motion for judgment. The amended motion for judgment alleges that in July, 1987, plaintiff purchased a 1981 Cadillac Seville from defendant. Plaintiff further alleges that he was told by defendant's agent that in order to make the purchase, he (plaintiff) would not only have to pledge as collateral the Cadillac he was purchasing, but would also have to give defendant the titles to two other vehicles which plaintiff owned and which were fully paid for. According to plaintiff, defendant's agent told him that those titles would be returned to plaintiff after plaintiff had made payments on the Cadillac totalling $1,000.00. Plaintiff did not make his January, 1988, payment, and defendant repossessed all three vehicles in February, 1988. All three vehicles were later sold at auction. Plaintiff had made payments in excess of $1,000.00 at the time the vehicles were repossessed.

Count I of the amended motion for judgment alleges that defendant violated provisions of Regulation Z of the federal Truth-in-Lending Act by (1) failing to disclose that defendant was holding title to two vehicles already owned by plaintiff as collateral for defendant's purchase-money loan for the Cadillac; (2) failing to specifically identify the collateral being held in addition to the

Cadillac; and (3) failing to disclose that the titles to the other two vehicles would be returned to plaintiff after he had made payments totalling $1,000.00.

Count II of the amended motion for judgment alleges that defendant defrauded plaintiff and his wife of their titles to the other two vehicles by not telling them that defendant would continue to hold those titles as collateral for payment on the Cadillac even after $1,000.00 had been paid.

Defendant has demurred to both counts, claiming that (1) it made all of the disclosures required by the Truth-in-Lending Act; and (2) plaintiff's allegation of fraud is deficient as a matter of law. The court agrees with defendant on both counts and will sustain the demurrer.

## 1. *Truth in Lending Disclosures*

The Truth-in-Lending Disclosure Statement received by plaintiff is dated July 14, 1987. A box near the top of that statement calls for identifying information about the property being purchased. Inside that box, the make, model, year, identification number, odometer reading, and other information concerning the Cadillac being purchased by plaintiff are typed in. In addition, handwritten inside that box is the following: "76 Dodge Van BO1BE6XO35780." Outside the box, but immediately below it and also handwritten, appears: "78 Ford T-Bird 8GG87H243620." The initials "E.P.S.," which the parties agree were placed there by plaintiff's wife, Ella P. Stewart, are to the right of the box.[1] Some distance under the box, but on the same page as the box, is the statement: "Security: You are giving a security interest in the goods or property being purchased." Plaintiff

---

[1] Actually, the copy of the form attached to the original motion for judgment, and which is signed only by the plaintiff, does not contain the handwritten information concerning the other two vehicles. The copy provided by defendant, however, and which is signed by plaintiff and his wife, does contain that information. Counsel for plaintiff has stipulated that it is the second form, the one containing the handwritten information, which the court must consider in ruling on defendant's demurrer.

claims that these circumstances constitute a violation of the Truth-in-Lending Act.

In enacting the Truth-in-Lending Act, Congress stated that its purpose was "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601. Regulation Z sets out the specific requirements for disclosure. 12 CFR § 226.18m provides that the creditor must disclose "[t]he fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, *or in other property identified by item or type.*" Emphasis added. Such disclosure has been made here.

As already noted, plaintiff owned the vehicles other than the Cadillac which are listed on the disclosure statement. While plaintiff is correct that the reference to security mentions only "the goods or property being purchased." there can be no rational explanation for the inclusion of the other two vehicles other than that a security interest was being taken in them as well. Moreover, plaintiff's amended motion for judgment itself alleges that plaintiff gave defendant the titles to the two other cars. WHen coupled with the inclusion on the disclosure statement of those cars with the one being purchased, it is simply inconceivable that plaintiff was not given the "meaningful disclosure" contemplated by Congress.

Similarly, plaintiff's argument that the Truth-in-Lending Act's disclosure requirements were violated because the description of one of the vehicles appears outside of the "federal box" must also fail. First, the box referred to by plaintiff is not big enough to hold the information for all three vehicles. More importantly, and as already noted, the description of the third vehicle is immediately below the subject box and was initialed by plaintiff's wife, the co-purchaser of the Cadillac. To hold that this disclosure is inadequate simply because it appears a few millimeters outside of the box would do nothing to facilitate Congress' purpose in requiring complete disclosure.

The court's position in this regard is fully supported by the cases. In *Campbell v. General Finance Corp. of Virginia*, 523 F. Supp. 989 (W.D. Va. 1981), a debtor argued

that his creditor violated the Truth-in-Lending disclosure requirements by failing to list on the disclosure statement the individual goods which were to become subject to liens. Instead, the goods were listed on an attached schedule. While recognizing that creditors normally are required to list such property on the disclosure statement itself, the court held that since there was insufficient room on the statement itself to list all of the goods, and since the statement contained a clear reference to the attached schedule, the creditor had fully complied with the Act. 523 F.Supp. at 994-995. *See also Pridegon v. Gates Credit Union*, 683 F.2d 182 (7th Cir. 1982); *Onadeko v. Ranier Credit Co.*, 678 F.2d 113 (9th Cir. 1982). The disclosure made in the case at bar was at least as full as those made in those cases.

There is also no merit in plaintiff's argument that defendant violated the Act by failing to disclose that the titles to the other two vehicles would be returned after $1,000.00 in payments had been made. Simply put, there is no requirement that such a disclosure be made. While the Act mandates that the creditor list the property in which a security interest is being taken, the court has been cited to absolutely no requirement that anything be said about when the security interest is to be released. Absent such a requirement, there can be no violation.

## 2. *Fraud*

Count II of the amended motion for judgment alleges that defendant committed fraud by not advising plaintiff that the titles to the other two vehicles would not be returned after plaintiff had made payments totalling $1,000.00. There is no allegation, however, of an intentional misrepresentation by defendant of an existing material fact or of a promise by defendant regarding future performance made with the present intention not to perform. *See, e.g., Colonial Ford v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91 (1985). Absent such allegations, no cause of action for fraud is stated.

For the foregoing reasons, defendant's demurrer to both counts of the amended motion for judgment will be sustained.